UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MOHAMMED HASSAN,<br><br>                Petitioner,<br><br>vs.<br><br>WARDEN JOHN DOE,<br><br>                Respondent. | Case No. 1:22-cv-00219-DKG<br><br>**INITIAL REVIEW ORDER** |

Mohammed Hassan (Petitioner) has filed a "Petition for Leniency under Rule 35 Reduction of Sentence," which the Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 2.) Petitioner asserts that his Idaho state prison sentences should be reduced because he was intoxicated and suffering from post-traumatic stress syndrome when he committed the crimes. (*Id.*, p. 2.)

Federal habeas corpus relief is available to petitioners held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be

**INITIAL REVIEW ORDER - 1**

dismissed before service on the opposing party. Rule 4 of the Rules Governing Section 2254 Cases. Federal courts are not required to address procedural bars before addressing the merits of the petition if the claims are subject to denial. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Dkt. 7. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the Petition, the Court concludes that the entire case is subject to summary dismissal or, alternatively, denial on the merits.

## REVIEW OF PETITION

### 1. Background

Petitioner was convicted of aggravated assault, first-degree kidnapping, and rape in a criminal action in the Fourth Judicial District Court in Ada County, Idaho. The state district court sentenced Petitioner to a determinate sentence of five years on the aggravated assault conviction and concurrent sentences of twenty years to life on the rape and kidnapping convictions.

Petitioner filed a direct appeal. The Idaho Court of Appeals reviewed his claim under a state-law abuse-of-discretion standard and affirmed his sentence:

> Sentencing is a matter for the trial court's discretion.
> Both our standard of review and the factors to be considered

INITIAL REVIEW ORDER - 2

> in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449–51, 680 P.2d 869, 871–73 (Ct.App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

*See* Exhibit 1 to this Order, *State v. Hassan*, No. 34594, 2008 WL 9468540, at *1 (Idaho Ct. App. July 29, 2008).

There is no indication in the record that the sentencing claim was presented as an Eighth Amendment claim to the Idaho Court of Appeals. It was addressed by that court only as a state law claim, which seems to indicate that no federal claim was presented. It is unknown whether Petitioner pursued a petition for review in the Idaho Supreme Court.

2. **Discussion**

A. *Claim Construed as a Non-Cognizable State Law Issue*

In Idaho, the length of a sentence is reviewed under an abuse of discretion standard that considers the defendant's entire sentence. *Idaho v. Oliver*, 391 (Idaho 2007). Where a sentence is within statutory limits, the petitioner bears the burden of demonstrating that it is a clear abuse of discretion. *Idaho v. Baker*, 38 P.3d 614, 615 (Idaho 2001).

**INITIAL REVIEW ORDER - 3**

This "abuse of discretion" analysis is a state law standard. Federal habeas corpus relief is unavailable for alleged errors in the interpretation and application of state law. *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994). Therefore, as presented in the petition and previously addressed by the Idaho Court of Appeals, the sentencing claim is subject to dismissal for failure to state a federal claim upon which relief can be granted.

## B. *Claim Construed as an Eighth Amendment Violation*

Alternatively, the Court liberally construes the claim as one that the sentences violate the Eighth Amendment's Cruel and Unusual Punishment Clause. For the following reasons, the claim fails.

### i. Failure to Exhaust Federal Theories in State Court

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Failure to do so is deemed a "procedural default" for federal habeas corpus purposes. Procedurally defaulted claims cannot be heard unless the petitioner makes a difficult showing to excuse the default.

Petitioner's claim appears barred by procedural default because he never presented it *as a federal claim* to the Idaho Supreme Court. Because Petitioner should have done so on direct appeal it is now too late to bring the claim. (As explained below, the likely

**INITIAL REVIEW ORDER - 4**

reason that Petitioner's appellate counsel chose to present the state law theory on direct appeal, rather than the federal theory, is that the state law standard is easier to meet and the federal claim does not have merit.)

ii.   Alternative Review on the Merits under an Eighth Amendment Theory

If the state appellate court did not decide a federal claim and it is properly before the federal district court, the claim is reviewed under the de novo standard. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In such a case, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

One of the straightforward ways to state an Eighth Amendment sentencing claim is to show that the petitioner was sentenced to a term outside the statutory limits for his crime. That is not the case here. Petitioner was sentenced within both statues' limits. *See* I.C. § 18-6104 (imprisonment for rape may be extended to life; I.C. § 18-4504 (imprisonment for first degree kidnapping is a life term).[1]

The United States Supreme Court has opined that the length of prison terms for specific crimes is a matter "properly within the province of legislatures, not courts." *Rummel v. Estelle*, 445 U.S. 263, 275–76 (1980). The United States Court of Appeals for the Ninth Circuit has observed: "'Generally, as long as the sentence imposed on a

---

[1] *See* https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/86873 (showing that Petitioner's kidnapping crime is first degree) (accessed August 10, 2022).

**INITIAL REVIEW ORDER - 5**

defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds.'" *United States v. Albino*, 432 F.3d 937, 938 (9th Cir. 2005) (per curiam) (quoting *United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001)).

In addition, precedent from the United States Supreme Court does not support Petitioner's argument that the length of his sentence was constitutionally excessive. Petitioner's appeal to mitigating factors, such as his intoxication and PTSD, does not rise to the level of a constitutional violation. While the Supreme Court has determined that "individualized consideration of mitigating factors [are] required by the Eighth and Fourteenth Amendments in capital cases," *Lockett v. Ohio*, 438 U.S. 586, 606 (1978), there is no counterpart requirement in noncapital cases.

Further, convicted felons with lesser crimes have not convinced the Supreme Court that the Eighth Amendment has been violated. In *Rummel*, the Supreme Court held that a mandatory sentence of life imprisonment with an opportunity for parole after twelve years did not constitute cruel and unusual punishment in a situation where a defendant with two prior felony convictions was convicted of obtaining $120.75 by false pretenses. 445 U.S. at 285. Compared to the facts in *Rummel*, Petitioner's crimes are much more serious and, consequently, warrant a longer sentence.

In several cases, the Supreme Court has applied a "gross disproportionality" analysis to sentences for terms of years. *See Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). This exception should be applied only in the "exceedingly rare" and "extreme" case. *Id.*

**INITIAL REVIEW ORDER - 6**

at 73. The Court rejected Andrade's argument that two *consecutive* terms of 25 years to life for stealing approximately $150 in videotapes was grossly disproportionate in violation of the Eighth Amendment. *Id*. at 76-77. Again, Petitioner's crimes are far more serious than those rejected under the gross disproportionality analysis in *Andrade*. Nothing in the record shows his case, his sentence, or his excuse of intoxication and PTSD are of an "exceedingly rare" or "extreme" nature such that relief would be available under a disproportionality theory.

Because Petitioner's sentence does not violate the Eighth Amendment, as shown by the case law cited in this Order, he is not entitled to relief on his sentencing claim under federal standards. His claim is both subject to dismissal on procedural grounds and subject to denial on the merits.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Proceed in Forma Pauperis (Dkt. 5) is DENIED, as Petitioner had $2,700 in his prison trust account when he filed his Petition, and Idaho taxpayers pay for the necessities of life for Idaho prisoners.

2. The Petition for Writ of Habeas Corpus (Dkt. 2) is DENIED and DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

**INITIAL REVIEW ORDER - 7**

§ 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a

timely notice of appeal, the Clerk of Court shall forward a copy of the notice of

appeal, together with this Order, to the United States Court of Appeals for the

Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth

Circuit by filing a request in that court.

DATED: September 28, 2022

Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER - 8**